IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STANDARD READY MIX CONCRETE, LLC, and LUDEY'S READY MIX, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | 8:07CV22 |
| v. | ) ) ) | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, an unincorporated association, and LOCAL NO. 554 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, an unincorporated association, | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on defendant International Brotherhood of Teamsters Local 554's (Local 554) motion to dismiss, Filing No. 6. Plaintiffs sue the defendant unions for breach of contract, pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 185 for violation of the no strike provision of the Collective Bargaining Agreement (CBA). Plaintiffs also allege that defendant International Brotherhood of Teamsters intentionally and maliciously interfered with and induced Local 554 to breach the CBA. Local 554 moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The court has carefully reviewed the record and relevant caselaw and concludes the motion should be denied.

**Standard of Review**

*12(b)(6)*

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true and construe the pleadings in a light most favorable to the plaintiff. *See, e.g., Brotherhood of Maint. of Way Employees v. BNSF*

*R.R.*, 270 F.3d 637, 638 (8th Cir.2001). A dismissal is not lightly granted. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001). When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar, *Doe v. Hartz*, 134 F.3d 1339, 1341 (8th Cir. 1998). The court does not determine whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of his claim. *Doe v. Norwest Bank*, 909 F. Supp. 668, 670 (D. Minn.1995).

*12(b)(1)*

Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993). A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003). For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on

its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003).

In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* Because the parties have submitted evidence in support of their respective positions, this case presents a factual jurisdictional challenge. In such a challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.*

### *Conversion to summary judgment*

When "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); *BJC Health System* v. Columbia Gas Co., 348 F.3d 685, 687 (8th Cir. 2003). When the district court relies on the matters outside the pleadings, a motion to dismiss will be converted into one for summary judgment. *Id.*

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir.1999). Once a party has filed a motion for summary judgment, the burden shifts to the nonmoving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir. 2004) (quoting *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992)). A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Koehn v. Indian Hills Community College,* 371 F.3d 394, 396 (8th Cir. 2004).

The plaintiffs have submitted evidence in support of their arguments. In this regard Local 554 notes that if the court allows plaintiffs' evidence, it to should be permitted to submit evidence. Local 554 asks that it be permitted to submit an affidavit in this regard. Filing No. 12. Although the result would be the same with or without the additional evidence, and whether the court decided this case under a motion to dismiss or a converted motion for summary judgment, the court will consider all evidence presented by both parties, including the affidavit submitted by Local 554.

**Discussion**

Plaintiffs and defendants are signatories to the CBA entered into on October 12, 2005. Filing No. 1. Article 7 of the CBA states in relevant part:

> Section 2. It is further agreed that if either party gives notice of its desire to open this Agreement for negotiations as proved in Article [35], then during the period of negotiations, the terms of this Agreement shall remain in full force and effect unless said negotiations result in impasse. If impasse occurs, then before either party takes any legal or economic recourse, such party shall serve upon the other party a seven (7) day written notice of its intent to do so.

*Id.* at Ex. A. Plaintiffs allege that on October 5, 2005, the parties began negotiations on a new agreement. On October 14, 2006, plaintiffs submitted what is known as the "Last Best and Final Offer" to defendants which defendants rejected. On October 16, 2006, the bargaining unit employees went on strike. Plaintiffs argue that no impasse ever occurred and they did not receive advance notice of the strike. Local 554 argues that impasse occurred and the CBA ceased to exist.

Plaintiffs contend that the motion to dismiss must be denied. Plaintiffs argue that the CBA is unique because it does not expire. First, according to plaintiffs, the parties must reach an impasse and second, if an impasse is reached, the parties must give seven-days' written notice of their intent to strike. Since neither of those events occurred, argues plaintiffs, the CBA is still in effect. Art. 7, Strikes and Lockouts, CBA, Filing No. 10, Ex A. Defendants rely on plaintiffs' submission of a "Last Best and Final Offer" on October 14, 2006, to support their claim that impasse occurred. Plaintiffs, however, argue that this was just negotiation. Further argue plaintiffs, the parties continued to proceed as though the CBA still existed. For example, on October 18, 2006, the plaintiffs stated they would analyze the most recent proposal and determine what changes might be made. Filing No.

10, Ex. B. Further, defendant Local 554 asked for additional information and made counter-proposals over the next few weeks. Filing No. 10, Exs. C, D, E, F, G, H, I, J, and L. In addition, the parties negotiated grievances after October into January 2007[1] on other issues under the CBA wherein arbitration was considered. Over the next three months the parties exchanged documents. Plaintiffs argue this shows no impasse existed.

The court finds there are factual issues that exist regarding whether impasse occurred in this case. A party claiming impasse has the burden of proving it. *Tom Ryan Distributors, Inc.*, 314 N.L.R.B. 600, 604, 1994 WL 395254 (1994). Impasse is defined as a temporary deadlock or hiatus in negotiations that will eventually be resolved by negotiations later. *Charles D. Bonanno Linen Service, Inc. v. National Labor Relations Board*, 454 U.S. 404, 412 (1982); *Powell v. National Football League*, 930 F.2d 1293, 1299 (8th Cir. 1989). However, "[d]etermining whether an impasse in bargaining was actually reached is obviously an inquiry that is fact-intensive . . . by evaluating and weighing that evidence, and by examining the relevant legal authorities." *Grinnell Fire Protection Systems Co. v. N.L.R.B.*, 236 F.3d 187, 196 (4th Cir. 2000). In order to determine impasse, the court must look at a number of factors including:

> The bargaining history, the good faith of the parties in negotiations, the length of the negotiations, the importance of the issue or issues as to which there is disagreement, the contemporaneous understanding of the parties as to the state of negotiations are all relevant factors [the trier of fact should consider] in deciding whether an impasse [existed].

---

[1] There is a dispute between the parties as to whether Local 554 believed these grievances occurred before or after impasse was reached. Local 554 claims it terminated the grievance procedures under the CBA as soon as it realized the grievances were post-impasse.

*Id.* (*quoting Taft Broadcasting Co.*, 163 N.L.R.B. 475, 478, 1967 WL 18808 (1967)). The court finds that the motion to dismiss must be denied at this time so that the parties can conduct discovery and create a record with regard to these issues. The court wishes to note, however, that it believes these issues would be better addressed before the National Labor Relations Board or through arbitration. In that regard, the court will order the parties to submit briefs within seven days of the date of this order as to why this case has not been nor could not be presented to the National Labor Relations Board or to an arbitrator for a determination of (1) the existence of impasse, and (2) the effect of the seven-day notice requirement, once a decision has been made regarding impasse. However, upon receipt of these briefs, the court might revisit its rulings herein sua sponte.

THEREFORE, IT IS ORDERED:

1. The motion to dismiss, Filing No. 6, is denied; and

2. The parties are ordered to file a brief with the court within seven days of this order as to why this case has not been nor could not be presented to the National Labor Relations Board or to an arbitrator for a determination of (1) the existence of impasse, and (2) the effect of the seven-day notice requirement, once a decision has been made regarding impasse.

DATED this 10th day of May, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge