IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STANDARD READY MIX CONCRETE, LLC, and LUDEY'S READY MIX, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | 8:07CV22 |
| v. | ) ) | |
| LOCAL NO. 554 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, an unincorporated association, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

This matter is before the court on defendant's motion for miscellaneous relief and request to continue stay. Filing No. 61. Plaintiffs filed this case against the defendant for breach of contract pursuant to 28 U.S.C. § 1337 and 28 U.S.C. § 185(a), § 301(a) of the Labor Management Relations Act for violation of the no-strike provision of the Collective Bargaining Agreement. On March 24, 2008, this court granted a stay in this case until such time as (1) the National Labor Relations Board ("NLRB") had made a decision regarding the alleged unfair labor practice ("ULP"), and (2) until such time as the District Court for the District of Iowa had ruled on the Employment Retirement Income Security Act ("ERISA") claim in a related case. Filing No. 60. On March 28, 2008, the NLRB issued a final decision finding no violation within the six-month section 10(b) period of the act, 29 U.S.C. § 160(b). Filing No. 61, Ex. B. Consequently, according to the defendant, there are no ULP charges currently dealing with the October 15, 2006, impasse.

Defendant argues the stay should continue until the ERISA issue is determined. Defendant contends that the outcome will support the Union's position that it was justified

in going to impasse and terminating the Collective Bargaining Agreement. Likewise, argues the defendant, the outcome of the ERISA lawsuit will negate the employers' defense regarding subterfuge to avoid the no-strike provisions of the Collective Bargaining Agreement. The determination of the ERISA issues, asserts defendant, is necessary before this court can decide the contract issues or refer the contract issues for arbitration.

Plaintiffs argue that the validity of the pension plan has no bearing on the current breach of contract action.[1] Plaintiffs reiterate the same arguments previously made regarding the motion to stay. The only significant change since the court's ruling is that the ULP has been decided by the NLRB.

This court has previously ruled that the Iowa District Court case should proceed prior to this one. Filing No. 60. This court already determined that to do otherwise could create conflicting results. *Id.* Defendant contends that the pension issue is a crucial factor in the cause of the strike. Filing No. 47, Exs. 1 and 2; Filing No. 48, Ex. 1, Avelyn Aff., and the court found this argument persuasive. *See* Filing No. 60, p. 4. The plaintiffs have offered no new evidence or arguments that would cause this court to change its previous ruling. Accordingly, the defendant's motion to continue stay, Filing No. 61, is granted.

THEREFORE, IT IS ORDERED that:

1. Plaintiffs' objection to evidence, Filing No. 68, is overruled;

2. Defendant's motion to continue stay, Filing No. 61, is granted; and

3. The defendant shall file an updated status report with the magistrate judge in this case every sixty days from the date of this order and shall immediately notify the court

---

[1] Plaintiffs have also filed an objection to evidence offered by the defendant in support of its motion to continue stay. Filing No. 68. For purposes of this motion to stay, the court will deny the objection and consider all evidence presented by both parties.

of the decision in the Iowa District Court. Following the decision of the Iowa Court, the parties shall each file a brief within 10 days of the Iowa court order addressing how this court should thereafter proceed.

DATED this 21st day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge